FILED
JAN 18 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-3177 (UNA) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Generally, plaintiff challenges the authority of the Council of the District of Columbia to pass legislation and the authority of the Mayor of the District of Columbia to enforce it. Particularly, plaintiff challenges the validity of the criminal statutes pursuant to which he has been prosecuted, convicted and sentenced. As a result of these convictions, plaintiff alleges, he is deprived of his liberty, property and right to bear arms in violation of several provisions of the Constitution of the United States and various federal statutes. Among other relief, plaintiff demands monetary damages far in excess of $1 billion.

The complaint is yet another attempt by plaintiff to challenge his Superior Court convictions. At various times during plaintiff's lengthy litigation history in this district, *see, e.g.*, *Jones v. District of Columbia*, No. 1:20-cv-2821 (D.D.C. Oct. 15, 2020); *Jones v. Bowser*, No. 1:16-cv-2261 (D.D.C. May 19, 2017), this court has ruled that plaintiff's challenges to conviction in and sentence imposed by the Superior Court of the District of Columbia must proceed in the Superior Court by motion under D.C. Code § 23-110, *see Williams v. Martinez*,

1

586 F.3d 995, 998 (D.C. Cir. 2009). And this court has ruled that plaintiff is not entitled to damages for an allegedly unconstitutional conviction unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The court concludes that the complaint will be dismissed because it fails to state a claim upon which relief can be granted. An Order is issued separately.

DATE: January 18, 2022                    /s/
                                          TANYA S. CHUTKAN
                                          United States District Judge